IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-2572-WDM-KLM

WILLIAM DENTON,

    Applicant,

v.

STEVE HARTLEY, Warden, Limon Corrections Facility, and
JOHN SUTHERS, THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## AMENDED ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on a recommendation of Magistrate Judge Kristen L. Mix, issued May 7, 2009 (Docket No. 25) that Applicant William Denton's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application") be denied. Applicant filed a timely objection to the recommendation (Docket No. 28) and is therefore entitled to *de novo* review of the portions of the recommendation to which objection was made. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988).

As Applicant is proceeding *pro se*, I must construe his pleadings liberally and hold him to a "less stringent standard." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). Having reviewed the pertinent portions of the record in

this case including the Application, the answer, the traverse, the recommendation, Applicant's objections, and the state court appellate record, I find that the recommendation should be accepted for the following reasons.

## Background and Procedural History

On March 23, 2000, in Mesa County, Colorado, Applicant was charged with theft, a violation of Colo. Rev. Stat. § 18-4-401(1)(a)(Count 1), two counts of aggravated motor vehicle theft, a violation of Colo. Rev. Stat. § 18-4-409(2)(a) and § 8-4-409(2)(g)(Counts 2 and 3), theft by receiving, a violation of Colo. Rev. Stat § 18-4-401(1) and (4) (Count 4), and six habitual criminal counts (Counts 5 to 10). Record v. I at 13-14. Applicant was found guilty by a jury verdict on Counts 1, 3, and 4. Record v. V at 62. Applicant pled guilty to three habitual criminal counts. *Id.* v. VI at 23. Applicant was sentenced to an imprisonment term of twenty-four years and a five-year mandatory parole term. *Id.* v. I at 96-97. At the time of the filing of the Application, Applicant was in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado.

The following facts were established at trial: on March 2, 2000, Gloria Castillo, a resident of Gand Junction, Colorado, was the owner of a 1981 Buick Skylark. Record v. III at 43–44. On that date, she drove her car to work in Palisade and arranged to have her landlord pick up the vehicle in order to perform a tuneup of the car. *Id.* at 45–46. She left the car in her parking slot at work with the key in the ignition. *Id.* At approximately 3:30 p.m., Castillo noticed that the car was gone. *Id.* at 48. She called the police and reported that her vehicle had been stolen. *Id.* at 49, 53. She had not given permission to anyone except her landlord to use the car and she had never met

2

William Denton. *Id.* at 49.

At approximately 9:30 a.m. on March 3, 2000, Denton went to the residence of Charles Moore in Rock Springs, Wyoming. *Id.* v. IV at 6. Denton was driving Castillo's stolen vehicle. *Id.* at 44. Denton, Moore and Diane Bolling purchased some alcohol and went for a drive. *Id.* at 7. Denton asked Moore and Bolling if they liked his new car, but Denton later stated that the car actually belonged to a friend. *Id.* at 8. During the drive, Denton pulled out on a bluff off the highway to urinate. *Id.* at 9. They noticed a Wyoming State Trooper driving up the road and they got back into the car. *Id.* at 10. Denton drove toward the trooper's vehicle and then veered off the road, becoming stuck in a ravine. *Id.* Denton stated to Moore that "this car may be stolen" and ran on foot off over a hill. *Id.* at 11. The state trooper arrested Moore and Bolling and confirmed that the vehicle was stolen. *Id.* at 44. After the incident, Denton contacted Moore and asked him to falsely testify that Moore could not remember what happened that day because he was drunk. *Id.* at 12–13.

Denton was arrested later that day. *Id.* at 45–46. At the time of his arrest, he had blood on top of his head and was intoxicated. *Id.* at 47. Denton told the arresting officer that he had received Castillo's car from a friend. *Id.* at 49. Denton could not provide the friend's name to the police officer or give a physical description of him. *Id.* at 50. Denton lived approximately a quarter of a mile from where Castillo's car was stolen. *Id.* at 67–69.

Applicant appealed his convictions and raised the following grounds for relief: (1) the state failed to prove the charges beyond a reasonable doubt; (2) the trial court committed reversible error by not sanctioning the prosecution for failing to disclose a

3

witness statement; (3) the trial court erred in admitting an exhibit containing hearsay and highly prejudicial information; (4) Applicant was unconstitutionally convicted of three offenses theft, aggravated motor theft, and theft by receiving – for one motor vehicle theft; and Applicant should have been sentenced to discretionary and not mandatory parole.  Answer [#17], Ex. A.  The Colorado Court of Appeals affirmed in part and vacated in part.  The court concluded that the evidence was sufficient to convict Applicant of first degree aggravated motor vehicle theft, but that Applicant could not be convicted of theft and theft by receiving on the identical evidence.  *People v. Denton*, 91 P.3d 388, 391, 392 (Colo. 2003).  The appeals court also ruled that Applicant should have been sentenced to discretionary, and not mandatory, parole. *Id.* at 393.  The court denied relief on the remaining grounds raised by Applicant.  *Id.* at 391–92.

On October 7, 2003, Applicant filed a petition for writ of certiorari in the Colorado Supreme Court.  Answer [#17], Ex. E.  The petition was denied by the Colorado Supreme Court on June 1, 2004. *Id.* Ex. F.  On June 28, 2004, the trial court modified Applicant's parole term in compliance with the decision of the Colorado Court of Appeals.  Record v. I at 110.

Applicant filed a petition for post-conviction relief pursuant to Colo. Crim. R. 35(c) in the trial court on February 28, 2005.  Record v. I at 103.  Applicant raised three claims:  (1) he was denied a jury determination on the habitual criminal counts; (2) he received ineffective assistance of counsel at trial; and (3) there was insufficient evidence to convict him on the habitual criminal counts.  Application [#3] at 4.  On July 7, 2005, the trial court denied the motion. *Id.* at 23–24.  The court held that Applicant was not entitled to a jury determination of the prior convictions used to establish his

4

habitual criminal status, Applicant failed to demonstrate ineffective assistance, and because he pled guilty Applicant could not challenge sufficiency of the evidence on the habitual criminal counts. *Id.* at 24.

Applicant appealed the denial of his Rule 35(c) motion to the Colorado Court of Appeals. Answer [#17], Ex. H. On September 27, 2007, the Colorado Court of Appeals affirmed the denial of the petition. *Id.* Ex. K. Applicant did not seek certiorari.

Applicant then filed the habeas corpus action in this Court. In his Application for a Writ of Habeas Corpus, filed December 11, 2007, Applicant raises the following claims for relief:

*Claim One*    Insufficient evidence to convict on aggravated motor vehicle theft in violation of the Fourteenth Amendment

*Claim Two*    Denial of his right to a jury trial determination on the habitual criminal counts in violation of the Sixth and Fourteenth Amendments

*Claim Three* Ineffective assistance of counsel at trial in violation of the Sixth Amendment

*Claim Four*   Insufficient evidence to convict him as a habitual criminal in violation of his right to due process

*Application* [#3] at 5–7.

## Legal Standard

As Applicant filed his Application after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), that statute governs my review. *Cannon v. Mullin*, 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson*, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999)). Under the AEDPA, a district court may only consider a habeas petition when the applicant argues that he is

5

"in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before an application may be considered, however, the Applicant must have exhausted all available state remedies. *Id.* § 2254(b). The grounds for granting a writ of habeas corpus are very limited: "a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

A state court decision is "contrary to" clearly established Federal law if it "'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a different result from [Supreme Court] precedent.'" *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). A state court decision involves an "unreasonable application" of clearly established Federal law when "'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the [applicant's] case.'" *Lockyer v. Andrade*, 538 U.S. 63, 75 (2005) (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous . . . . The state court's application of clearly established law must be objectively unreasonable." *Id.* (citing *Williams*, 529 U.S. at 409–10, 412). Indeed, a "'federal habeas court may not

6

issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" *Id.* (quoting *Williams*, 529 U.S. at 411). Finally, when analyzing an application, all determinations of factual issues by the State court are presumed to be correct and the applicant has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## Discussion

### Exhaustion of Claims

As a threshold matter, Respondents argue that the Applicant has failed to exhaust Claims Two, Three, and Four, which are the claims he raised in his post-conviction motion. "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). The state and federal courts have concurrent power to "guard and protect rights secured by the Constitution." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citation omitted). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

In order to meet the exhaustion requirement, the claim advanced by the federal habeas petitioner must have been submitted to the state courts as one arising under the federal constitution. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). The decision of the last state court to which the petitioner submitted his claims must fairly appear to rest

on issues of federal law or to be interwoven with federal law. *Id.* In *Duncan v. Henry*, 513 U.S. 364, 366 (1995), the Supreme Court recognized that an applicant must alert the state court to the federal constitutional nature of his claims in order to properly exhaust his claims. That is, "mere similarity of claims is insufficient to exhaust," and "[i]f a habeas petitioner wishes to claim that [a ruling] at a state court denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* "[T]he substance of a federal habeas corpus claim must first be presented to the state courts in a manner which alerts the state courts to the fact that the defendant is raising federal constitutional issues and not simply issues of state law." *Huynh v. Archuleta*, No. 06-cv-02118-CMA-CBS, 2009 WL 798846, at *4 (D. Colo. 2009).

In order to satisfy the exhaustion requirement, the claim must be presented under federal law not only to the trial court, but also the state's intermediate court as well as its supreme court. *O'Sullivan*, 526 U.S. at 845–87. The petitioner must have invoked "one complete round of the state appellate review process." *Id.* at 845.

Applicant concedes that he did not exhaust his remedies on his post-conviction motion claims. *Traverse* [#18] at 2. Applicant only pursued his claims to the Colorado Court of Appeals. However, Applicant argues that he was not required to seek review to the Colorado Supreme Court. Effective May 18, 2006, the Colorado Supreme Court instituted a new rule regarding the exhaustion requirements for habeas cases. Colorado Appellate Rule 51.1 provides that:

> (a) Exhaustion of Remedies. In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse

8

> decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.
>
> (b) Savings Clause. If a litigant's petition for federal habeas corpus is dismissed or denied for failure to exhaust state remedies based on a decision that this rule is ineffective, the litigant shall have 45 days from the date of such dismissal or denial within which to file a motion to recall the mandate together with a writ of certiorari presenting any claim of error not previously presented in reliance on this rule.

The rule states that a litigant need not appeal to the Colorado Supreme Court in order to satisfy the exhaustion requirement.

Mr. Denton appealed to the Colorado Court of Appeals on October 9, 2002 (01CA2344). The court of appeals affirmed in part and vacated in part. Mr. Denton did not petition for rehearing in the court of appeals. On October 7, 2003, he filed a petition for writ of certiorari only on Count One, which the supreme court denied. Mandate issued on June 4, 2004. Colo. App. R. 51.1 did not become effective until May 18, 2006. Applicant cannot take advantage of this rule because it was not in effect at the time his claims were pending in state court. *See Quintano v. Archuleta*, No. 06-cv-02406-CMA-CBS, 2008 WL 5064270, at *4 n.1 (D. Colo. Nov. 24, 2008); *Smith v. Milyard*, No. 06-cv-00783-WDM-BNB, 2008 WL 2037722, at *5 n.2 (D. Colo. Apr. 18, 2008); *Collie v. Estep*, No. 06-cv-00795-PSF-BNB, 2007 WL 2472053, at *16 n. 5 (D. Colo. Aug. 28, 2007); *but see Tyler v. Arellano*, 08-cv-01368-ZLWBNB, 2008 WL 4974419, at *6 (D. Colo. Nov. 19, 2008) (holding that Rule 51.1 is retroactive).[1] The

---

[1] The Tenth Circuit Court of Appeals has not determined whether this Rule is retroactive. *See Mitchell v. Watkins*, 252 Fed. Appx. 874, 877 (10th Cir. Oct. 25, 2007) (noting that circuit has not considered the impact of 51.1 on exhaustion in habeas proceeding); *Berg v.*

9

remedy of supreme court review was available to Applicant at the time of his post-conviction application, but he did not seek such review. He failed to exhaust Claims Two, Three, and Four.

Applicant did pursue Claim One to the Colorado Supreme Court. That claim has been exhausted. However, even if state remedies properly have been exhausted as to one or more claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *Rose*, 455 U.S. at 522; *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995). This rule, established in *Rose,* is not absolute. *See Harris*, 48 F.3d at 1131 n. 3. If a federal court faced with a mixed petition determines that the unexhausted claims would now be procedurally barred in state court, "there is a procedural default for purposes of federal habeas. . . ." *Id.* (citing *Coleman*, 501 U.S. at 735 n. 1). In such an instance, instead of dismissing the entire petition, the Court may deem the unexhausted claims procedurally barred and address the merits of the exhausted claim. *Kyler v. Foshee*, 90 Fed. Appx. 292, 298 (10th Cir. 2004); *Harris*, 48 F.3d at 1131 n. 1.

On habeas review, the federal court will not consider issues that have been defaulted in state court on an independent and adequate state procedural ground. *Hickman v. Spears,* 160 F.3d 1269, 1271 (10th Cir. 1998). A state procedural ground is independent if it relies on state law as the basis for its decision. *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). For a state ground to be adequate it must be "strictly or regularly followed" and "evenhandedly applied to all similar claims." *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982).

---

*Foster*, 244 Fed. Appx. 239, 246–47 (10th Cir. Aug. 6, 2007)(declining to address the issue).

Under Colorado law, any petition for writ of certiorari must be filed with the Colorado Supreme Court within forty-six days of the Court of Appeals' decision. Colo. R. App. P. 52(b)(3). The appellate court's decision on Applicant's post-conviction claims was issued on September 27, 2007. Answer [#17], Ex. K. Applicant, therefore, cannot now pursue his claim in the Colorado Supreme Court. Likewise, Applicant is time-barred from filing a new post-conviction petition in Colorado state court. A post-conviction motion must be filed within three years of the date of conviction. Colo. Rev. Stat. § 16-5-402. Applicant was convicted on September 6, 2001. Record v. V at 62. Any motion filed in state court now would be untimely. The time limits of § 16-5-402 are a "firmly established" and "regularly followed" procedural rule. *Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995); *Holloman v. Ortiz*, No. 06-cv-01226-WYD, 2009 WL 798836, at *12 (D. Colo. Mar. 24, 2009).

Applicant's claims would also be barred as successive under Colo. R. Crim. P. 35(c)(3)(VI). That rule states that a court "shall deny any claim that has been raised in a prior appeal or postconviction proceeding on behalf of the same defendant." Colo. R. Crim. P. 35(c) is an adequate and independent state ground. *Huynh*, 2009 WL 798846, at *12; *Holloman* v. *Ortiz*, 2009 WL 798836, at *12 (D. Colo.). Therefore, Applicant has procedurally defaulted on Claims Two, Three, and Four and cannot obtain federal habeas relief on those claims. Since these unexhausted claims are procedurally barred, the Court will now address the merits of Applicant's exhausted claim.

<u>Merits of Claim One</u>

Applicant contends that there was insufficient evidence to convict him of aggravated motor vehicle theft. Application [#3] at 5. Under Colorado law, "a person

11

commits aggravated motor vehicle theft if he or she knowingly obtains or exercises control over the motor vehicle of another without authorization and . . . [r]emoves the motor vehicle from this state for a period in excess of twelve hours . . . ." Colo. Rev. Stat. § 18-4-409(2)(g).

"Sufficiency of the evidence is a mixed question of law and fact." *Maynard v. Boone*, 468 F.3d 665, 673 (10th Cir. 2006). The reviewing court asks "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under 28 U.S.C. § 2254(d), a federal habeas court must determine whether the facts are correct and the law was properly applied to the facts. *Maynard*, 468 F.3d at 673. The determination of a factual issue by a state court is presumed to be correct and the applicant has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In reviewing the evidence on direct appeal, the Colorado Court of Appeals applied the *Jackson v. Virginia* standard and reached the following conclusions:

> Here, the trial evidence, when viewed according to the foregoing standards, establishes the following facts. The victim parked her car with the keys in the ignition and returned that afternoon to discover that it was missing. . . . The victim further testified that she did not know the defendant and that she had not given him permission to drive her car. A friend of defendant testified that, on the morning after the victim's car was stolen, defendant arrived at his house in Wyoming driving a car. Defendant's friend went for a drive in the car with defendant. At approximately 12:30 p.m., the men were parked alongside a road when defendant spotted a police car and "panicked." As the police car approached, defendant drove off the road and became stuck. Defendant told his friend that the "car may be stolen" and then fled from the scene on foot. When the police officer checked the registration of the car, he determined that it belonged to the victim.

> Before trial, defendant tried to persuade his friend to testify falsely that he did not recall the events in question. The Colorado Court of Appeals cited *People v. Gonzales*, 666 P.2d 123 (Colo. 1983) for the standard in evaluating sufficiency of the evidence claims. The standard set forth in *Jackson v. Virginia* is the same. *See id.* at 127-28.
>
> At trial, a prosecution witness testified that defendant lived approximately one quarter of a mile from the place where the victim had parked her car on the day it was stolen.

*Denton*, 91 P.3d at 390.[2]

Applicant has failed to carry his burden of rebutting the presumption that the state court's determination of these factual issues is correct. The Colorado Court of Appeals applied the correct standard of review. Its determination was not unreasonable or contrary to clearly established law. Accordingly, Applicant is not entitled to habeas relief on his sufficiency of the evidence claim.

## Conclusion

In reviewing the merits of Applicant's claims, the Court finds that Applicant is not entitled to relief pursuant to 28 U.S.C. § 2254. No evidentiary hearing is required.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Mix (Docket No. 25) issued May 7, 2009 is accepted.

2. Applicant William Denton's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 3) is denied.

3. This case is dismissed with prejudice.

---

[2] The Colorado Court of Appeals cited *People v. Gonzales*, 666 P.2d 123 (Colo. 1983) for the standard in evaluating sufficiency of the evidence claims. The standard set forth in *Jackson v. Virginia* is the same. *See id.* at 127–28.

4. There is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED at Denver, Colorado, on March 4, 2010

BY THE COURT:

s/ Walker D. Miller
United States District Judge